IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Stacy Kellar, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:03CV00018CAS |
| BOB WILLS, AKA BOBBY RAY WILLS, | ) |
| AKA W. B. WILLS, | ) |
| BETTY SUE WILLS, SAM GERHARDT, | ) |
| DEBORAH GERHARDT, | ) |
| DBA "MOUNTAIN PARK | ) |
| BOARDING ACADEMY", | ) |
| | ) |
|         Defendants. | ) |

## **DEFENDANTS' TRIAL BRIEF**

NOW COME the Defendants, and by their undersigned attorneys, and respectfully requests their Trial Brief in relation to the Plaintiff's claims for emotional distress, corporal punishment and false imprisonment.

### I. – EMOTIONAL DISTRESS

A.    Missouri Courts recognize a cause of action for negligent infliction of emotional distress.

Missouri Courts recognize a cause of action for the negligent infliction of emotional distress. Traditionally, Missouri Courts required that there be some contemporaneous physical impact to establish a claim for emotional distress. The Missouri Supreme Court abandoned the physical impact rule in *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo.1983). The Court set out the elements for cause of action for negligent infliction of emotional distress. The Court stated:

> "A plaintiff will be permitted to recover for emotional distress provided: 1) the defendant should have realized that his conduct involved in unreasonable risk of causing distress; and 2) the emotional distress must be medically diagnosable and must be of significant severity so as to be medically significant. 646 S.W.2d at 733.

Missouri Courts have followed *Bass* in requiring both elements of the test: 1) foreseeability that the conduct involved an unreasonable risk of causing distress; and 2) that the emotional distress be both medically diagnosable and medically significant. In *St. Anthony's Medical Center v. H.S.H.* 974 S.W.2d 606 (Mo.App.E.D. 1998), Plaintiff sought to recover damages for the unauthorized release of certain medical records. The Plaintiff sought to recover on several theories of liability, including negligent infliction of emotional distress. The Court again stated the rule:

> "To plead such a claim, Petitioner must allege that the (1) defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity as to be medically significant. *St. Anthony's Medical Center v. H.S.H.*, 974 S.W.2d at 612.

B.   The Eighth Circuit has adopted the elements set out in *Bass v. Nooney,* for claims of negligent infliction of emotional distress.

In *Gordon v. City of Kansas City*, 241 F.3d 997 (8th Cir.2000), the Plaintiff sought to recover damages for wrongful termination. The Plaintiff also sought damages on a pendent state claim for negligent infliction of emotional distress. The District Court granted the Defendants' Motion for Summary Judgment on the negligent infliction claim. The Eighth Circuit affirmed. The District Court granted summary judgment since the Plaintiff had failed to present expert testimony establishing that any emotional distress she suffered was medically diagnosable and medically significant. In affirming the District Court, the Eighth Circuit cited the rule annunciated by the Missouri Supreme Court in *Bass v. Nooney*.

The Eighth Circuit has adopted both the elements of *Bass* holding. In *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388 (8th Cir.1992), the Eighth Circuit vacated an award of money damages for emotional distress. The Court cited the *Bass* requirement that any emotional distress

be medically diagnosable and medically significant and concluded that the Plaintiff had failed to introduce sufficient evidence to support an award of money damages.  In *SAFECO Insurance Company v. Costello*, 799 F.2d 412 (8th Cir.1986), the Eighth Circuit affirmed a summary judgment granted to Defendants by the District Court.  The Plaintiff claimed that the Defendant insurance carrier's denial of coverage for a fire at her townhouse caused her emotional distress.  The Court reviewed the elements set out in *Bass* stating:

> "To establish a claim for negligent infliction of emotional distress, Costello had to show that SAFECO should have realized its conduct involved an unreasonable risk of causing emotional distress and the distress of injury was medically diagnosable and of sufficient severity to be medically significant. " 799 F.2d at 414.

The Eighth Circuit reviewed the evidence admitted and noted the Plaintiff had failed to present sufficient evidence establishing that SAFECO should have foreseen that it its actions involved an unreasonable risk of causing emotional distress.

The United States District Court for the Eastern District of Missouri has also adopted the *Bass* standard.  In *Tallarico v. Trans World Airlines, Inc.,* 693 F.Supp. 785 (U.S.D.C. E.D. Mo. 1988), the Plaintiff sought damages when TWA refused to allow at 13 year old girl with cerebral palsy to fly unaccompanied from Houston to St. Louis.  Among other theories, Plaintiff sought to recover damages for negligent infliction of emotional distress.  The Court declined to award damages since there was insufficient evidence of medically diagnosable and medically significant emotional distress.

C.	Expert testimony is required to establish that emotional distress is medically diagnosable and medically significant.

Missouri Courts have held that expert medical testimony is required to establish the element set out in *Bass* that the emotional distress be both medically diagnosable and medically

significant.

For example, in *State ex rel Benz v Blackwell*, 716 S.W.2d 270 (Mo.App.E.D. 1986), Plaintiff was awarded damages for the false return of a summons in a marital dissolution action. The award included damages for emotional distress. The Appellate Court affirmed on the issue of liability but remanded the case for a new trial on the issue of damages. The Court stated:

> "There was no expert medical testimony at trial to support the husband's claim of mental distress. The record in this case demonstrates that the husband has not met the requirements of *Bass v. Nooney*…716 S.W. at 273.

The Eighth Circuit also requires expert testimony to establish that emotional distress is medically diagnosable and medically significant. In *Glover v. McDonnell Douglas*, 981 F.3d 388 (8th Cir.1992), one of the reasons for vacating the monetary award for emotional distress was the failure of the Plaintiff to submit expert medical testimony establishing the emotional distress.

The U.S. District Court for Eastern District also cited the failure of the Plaintiff to present expert testimony as grounds to deny damages on the Plaintiff's claim for negligent infliction of emotional distress in *Tallarico v. Trans World Airlines, Inc.,* 693 F.Supp. 785 (U.S.D.C. E.D. Mo. 1988).

D.   Missouri Courts recognize a cause of action for intentional infliction of emotional distress.

Missouri Courts have recognized a cause of action for intentional infliction of emotional distress. The Missouri Courts set out the elements for the tort of intentional infliction of emotional distress in *Gibson v. Brewer*, 952 S.W.2d 239 (Mo.1997). The Plaintiff sought damages from the Diocese of Kansas City and Reverend Michael Brewer for sexual misconduct. Among the claims against the Diocese, Plaintiff claimed intentional infliction of emotional distress. The Court set out the elements to state a claim as:

> "A Plaintiff must plead extreme and outrageous conduct by a

4

> defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.". *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo.banc 1996).  The conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerably in a civilized community". *Warren v. Parrish*, 436 S.W.2d 670, 673 (Mo.1969).  The conduct must be "intended only to cause extreme emotional distress to the victim". *K.G.,* 918 S.W.2d at 799.  952 S.W.2d at 249.

The Missouri Court of Appeals for the Eastern District of Missouri annunciated the elements for the tort of intentional infliction of emotional distress: "(1) the defendant must act intentionally and recklessly; (2) the defendant's conduct must be extreme and outrageous; (3) the conduct must be the cause (4) of severe emotional distress". *Polk v. INROADS/ St. Louis, Inc.,* 951 S.W.2d 646. 648 (Mo.App.E.D. 1997).  The Court went on to describe the level of conduct necessary to establish intentional infliction of emotional distress, stating:

> "The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances or petty oppressions… the Court must determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!". [citation omitted]

951 S.W.2d at 646.

E. The Eighth Circuit of Appeals has applied the same elements to a cause of action for intentional infliction of emotional distress.

Plaintiff Gordon sued the City of Kansas City for terminating her employment after circulating a petition calling for the removal of the City Manager.  Among other claims, Gordon sought to recover under a theory of intentional infliction of emotional distress.  The District Court granted summary judgment for the City.  The Eighth Circuit Court of Appeals affirmed. The decision outlined the standard for stating a claim as follows:

> "To state a claim of intentional infliction of emotional distress,

5

> Appellant was to further to plead extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress resulting in bodily harm." 241 F.3d at 1004.

In *Dunham v. City of O'Fallon, Missouri*, 945 F.Supp. 1256 (U.S.D.C. E.D.Mo. 1996), the Plaintiff sued for employment discrimination based on age, sex, and disability. The Plaintiff also sued for intentional infliction of emotional distress. The Court granted Defendant's Motion for Summary Judgment. The Court recognized the elements to state a claim for intentional infliction of emotional distress as "(1) the Defendant's conduct was extreme and outrageous; (2) Defendant acted in an intentional or reckless manner; and (3) Defendant's conduct result in severe emotional distress." 945 F.Supp. at 1262.

F.  To recover for intentional infliction of emotional distress the emotional distress must be medically diagnosable and medically significant and requires expert medical testimony.

Missouri Courts require that actionable emotional distress be medically diagnosable and medically significant and further require that those elements be established by expert medical testimony. *Van Eaton v. Thon*, 764 S.W.2d 674 (Mo.App. W.D. 1988); *Hendrix v. Wainwright Industries*, 755 S.W.2d 411 (Mo.App.E.D. 1988).

The Eighth Circuit has applied these standards as well. In *Glover v. McDonnell Douglas Corporation*, 981 F.2d 388 (8th Cir. 1992), the Court stated:

> "It thus appears that Missouri courts require expert testimony to support a claim of emotional distress whenever physical injuries are not incurred, regardless of whether emotional distress constitutes a substantive element of the cause of action or an element of damages for any other type of action."

In *Collins v. Burg*, 169 F.3d 563 (8th Cir.1999), the Eighth Circuit affirms summary judgment granted to the Defendant on the Plaintiff's claim of intentional infliction of emotional distress. The Court stated:

6

> We are satisfied that the cases requiring medically diagnosable distress represent current Missouri law, indeed, we have so held on more than occasion. See, e.g., *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 395 (8th Cir.1992), *vacated on other grounds*, 510 U.S. 802, 114 S.Ct. 42, 12 L.Ed.2d 13 (1993) and *Hanks v. General Motors Corp.*, 906 F.2d 341, 343 (8th Cir.1990). We hold, therefore, that since Ms. Collins was unable to offer the requisite medical evidence relevant to her distress, the district court did not err in granting summary judgment to Ms. Burg.

G.  The Plaintiff cannot recover damages for emotional distress under both a theory of intentional infliction of emotional distress and any other legal theory recognizing emotional distress as an element of damages.

The Supreme Court of Missouri has limited the tort of intentional infliction of emotional distress. The Court stated:

> "It has been held that where one's conduct amounts to the commission of one of the traditional torts, such as battery, and the conduct was not intended only to cause the extreme emotional distress to the victim, the tort of intentional emotional distress will not lie and recovery must be had under the appropriate common law action." *K.G. v. R.T.R.*, 918 S.W.2d 795 (Mo.1996).

The Plaintiff has pled the exact same factual allegations supporting her claims for battery, false imprisonment and intentional infliction of emotional distress. All three causes of action are pled in the same count. It appears that the Plaintiff intends the same factual allegations to support each of these theories of recovery. The claim for infliction of emotional distress appears to be dependent on the same conduct which supports the common law claims for battery and false imprisonment. Under the facts alleged in the Complaint, the Plaintiff cannot recover damages for emotional distress caused by the tort of intentional infliction of emotional distress and damages for emotional distress resulting from the alleged battery or alleged false imprisonment.

B. – CORPORAL PUNISHMENT

Under both Missouri common law and Missouri statutory law, reasonable corporal punishment is permissible in the school setting. The Supreme Court of Missouri directly addressed the issue in *Streeter v Hundley*, 580 S.W.2d 283 (Mo. 1979). In that case a student sought damages for an alleged battery in connection with the administration of corporal punishment as a means of discipline. A jury verdict in favor of the teacher was affirmed by the Court of Appeals for Eastern District and transferred to the Supreme Court. The Supreme Court also affirmed the jury verdict in favor of the teacher, noting that a teacher has a right to inflict reasonable corporal punishment for misconduct.

Missouri statutes also address the issue of corporal punishment in the school setting. V.A.M.S. 160.261 (2004) permits the local school district to determine the use of corporal punishment and to set out procedures in which the punishment may be applied. The statute specifically noted that "spanking, when administered by certified personnel of the school district in a reasonable manner in accordance with the local board of education written policy of discipline, is not abuse within the meaning" of the Missouri Child Welfare Statutes V.A.M.S. 160.10 (2004). The clear intent of the Legislature is to permit local school authorities to determine policies regarding the use of corporal punishment and to set out the standards under which corporal punishment may be applied.

The Missouri Legislature has further recognized the authority of religious organizations operating child care facilities to determine the use of corporal punishment. V.A.M.S. 210.258 (2004) specifically determines that no government entity may prohibit the use of corporal punishment in religious organization operated child care facilities.

The case law in Missouri makes clear that the standard of care is one of reasonableness.

In *Streeter* the Court recognized that a teacher has no right to inflict "unreasonable and excessive corporal punishment" *Streeter*, 580 S.W.2d at 287.

In a situation such as this case where the parent has granted a power of attorney to the organization for purposes of disciplining a child, the proper standard would be one of reasonable care.  Although the Missouri Courts have abrogated the doctrine of parental immunity in negligence cases, and established the standard of a reasonable parent in place of the immunity doctrine.  *Hartman v Hartman*, 821 S.W.2d 852 (Mo. 1991), it is not altogether clear the Missouri Courts intended to abrogate parental immunity for actions involving child discipline.  Since the defendants in this case stand in the place of the parent at the very least, the proper standard for their actions is one of a reasonable parent.  To the extent that parents enjoy parental immunity for decisions related to child discipline, the Defendants enjoy that right with regard to children placed under their care.

## C. – FALSE IMPRISONMENT

Under Missouri law, to maintain a civil cause of action for false imprisonment, a plaintiff must prove that a defendant confined the plaintiff intentionally. *Rankin v. Venator Group Retail, Inc.*, 93 S.W.3d 814, 819 (Mo. App. 2002); *Gulley v. Werth*, 61 S.W.3d 293, 296 (Mo. App. 2001).  The confinement must be without legal justification.  *Hyatt v. Trans World Airlines*, 943 S.W.2d 292, 299 (Mo.App. 1997).

In this case, Plaintiff was a minor when she claims she was falsely imprisoned.  It should be noted that, under Missouri law there are definitions for the term "minor," and the term "child."  For purposes of Missouri Juvenile law, a "child" is a person under the age of 17.  However, Missouri statutes state that parents retain rights over a child "under eighteen years of age," and a "minor" is a person who has not attained the age of eighteen years.  *See generally*

9

Sections 211.442 R.S.Mo. (2000) *et seq*.  In Missouri, a criminal charge of false imprisonment cannot be brought if the victim of the act was under the age of 17, and the accused had the consent of the victim's parents.  Section 565.140, R.S.Mo. (2000).

The Eighth Circuit has recognized that parents have a "liberty interest in the care, custody, and management of their children." *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir.1997).  The Missouri Legislature has given authority for parents to make decisions concerning a minor child's education, e.g., "the father and mother, with equal powers, rights and duties . . . [are] the natural guardian[s] of their children, and [have] custody and care of their person and education." Section 475.025 R.S.Mo. (2000).  Thus, under Missouri law, parents can decide where and how their minor children will be educated.  *See Doe "A" v. Special Sch. Dist. Of St. Louis Cty.*, 637 F. Supp. 1138, 1146 (E.D. Mo. 1986); *See generally In re Monnig*, 638 S.W.2d 782 (Mo.App. 1982).

Missouri statutes permit parents to give consent to others with respect to their minor children. Parents may give consent for their child to receive medical care and treatment.  Section 431.061.1, R.S.Mo. (2000). Along the same line, parents may enroll or commit their children to treatment facilities.  Section 631.105, R.S.Mo. (2000). Missouri statutes allow parents to delegate their powers with respect to a child until that child reaches the age of 18:

> "A parent of a minor, by a properly executed power of attorney, may delegate to another individual, for a period not exceeding one year, any of his powers regarding care or custody of the minor child [.]"

Section 475.024, R.S.Mo. (2000).  A "minor" is defined as, "any person who is under the age of eighteen years."  Section 475.010, R.S.Mo. (2000).

In fact, both Stacy Kellar's mother, and her father executed powers of attorney concerning Stacy's enrollment in Mountain Park.  While, Plaintiff may try to attack these powers

of attorney, under Missouri law, the construction of a power of attorney should construed toward facilitating the purpose of the power of attorney, not defeating that purpose. *See Allen ex rel. Dockins v. Hooe*, 11 S.W.3d 831 (Mo. App. 2000).

Respectfully Submitted,

OLIVER, OLIVER & WALTZ, P.C.

400 Broadway, P.O. Box 559
Cape Girardeau, MO 63702-0559
Telephone: (573) 335-8278
Facsimile: (573) 334-6375

By:   /s/ John L. Oliver, Jr.
John L. Oliver, Jr., #3999
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 16th, 2004, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Mr. Oscar Stilley, Attorney for Plaintiff, Central Mall Plaza, Suite 520, 5111 Rogers Avenue, Fort Smith, Arkansas 72903-2041.

/s/ John L. Oliver, Jr.